**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**


BENJAMIN WOODY,                    )
                                   )
              Petitioner,          )
v.                                 )          No. 1:08-cv-139-RLY-JMS
                                   )
STANLEY KNIGHT,                    )
                                   )
              Respondent.          )


**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Benjamin Woody ("Woody") for a writ of habeas corpus is **denied** and this action is dismissed with prejudice. This disposition is based on the following facts and circumstances:

1.     Woody seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) with respect to a prison disciplinary proceeding identified as No. ISR 07-06-0233, wherein he was found guilty of having violated prison rules of conduct by possessing an electronic device.

2.     Woody is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

3.     The sanctions imposed on Woody following a disciplinary hearing were a ninety-day loss of phone and commissary privileges, as well as six months of suspended disciplinary segregation. These sanctions did not constitute a deprivation of sufficient severity to support the "in custody" requirement of § 2254(a), *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001), nor in the loss of a liberty interest within the meaning of federal due process. *Sandin v. Conner,* 115 S. Ct. 2293, 2300 (1995).

Accordingly, Woody's petition for a writ of habeas corpus must be **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/7/2008

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana